[Cite as *In re A.J.M.*, 2018-Ohio-4413.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107219**

**IN RE: A.J.M.**
**A Minor Child**

[Appeal By Mother]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 17915835

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEY FOR APPELLANT**

Leigh S. Prugh
Nee Law Firm, L.L.C.
26032 Detroit Road, Suite 5
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE, CCDCFS**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Anthony R. Beery
Assistant Prosecuting Attorney
CCDCFS
4261 Fulton Parkway
Cleveland, Ohio   44144


**Also listed:**

A.F., pro se
c/o Northcoast Behavioral Healthcare
1502 East 118th Street
Cleveland, Ohio   44106

**Guardian ad Litem for A.J.M.**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio   44116

SEAN C. GALLAGHER, J.:

{¶1} Appellant mother ("Mother") appeals from the trial court's decision to award permanent custody of her child, A.J.M. ("the child"), to the Cuyahoga County Division of Children and Family Services ("CCDCFS").   Upon review, we affirm.

{¶2} On October 18, 2017, CCDCFS filed a complaint alleging the child, who was a newborn, to be a dependent child and seeking permanent custody.   The child was committed to

the predispositional temporary custody of CCDCFS on October 24, 2017. On February 16, 2018, Mother admitted to the allegations of an amended complaint and the child was adjudicated as a dependent child. The matter proceeded to a dispositional hearing on April 4, 2018. On April 20, 2018, the trial court issued a decision granting permanent custody of the child to CCDCFS. Mother timely filed this appeal.

{¶3} Mother raises two assignments of error. Under her first assignment of error, Mother claims the trial court erred by denying her motion to continue the permanent custody hearing.

{¶4} The decision to grant or deny a continuance is a matter within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Although courts must ensure that due process is provided in parental termination proceedings, a parent does not have an absolute right to be present at a custody hearing and "[a]ny potential prejudice to a party denied a continuance is weighed against a trial court's 'right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *In re J.C.*, 8th Dist. Cuyahoga No. 106272, 2018-Ohio-2234, ¶ 12, quoting *Unger* at 67.

{¶5} The record in this case reflects that Mother's counsel requested a continuance at the start of the permanent custody hearing. Counsel indicated that Mother was not present and was "suffering from a migraine." After noting pretrials had occurred and the trial date set, the trial court denied the request. However, upon counsel's request, the trial court indicated it would revisit the continuance after the state's case. At the conclusion of the state's case, the trial court indicated that it would grant counsel's request for a continuance to allow Mother the opportunity to testify. After a brief recess, during which counsel called Mother, the request for a

continuance was withdrawn.   The record also reflects that Mother was represented by competent counsel who advocated on Mother's behalf at the permanent custody hearing; that the trial court was given no indication that Mother would be available if the hearing were continued; and that a hearing would have inconvenienced the witnesses and lawyers who were present.   Under the circumstances of this case, we find no abuse of discretion by the trial court.   The first assignment of error is overruled.

{¶6} Under her second assignment of error, Mother claims the trial court's findings are against the manifest weight of the evidence.

{¶7} R.C. 2151.414(B) allows a court to grant permanent custody of a child to a children services agency if, after a hearing, the court determines, by clear and convincing evidence, that permanent custody is in the best interest of the child and that any of the four conditions set forth in R.C. 2151.414(B)(1)(a)-(e) applies.

{¶8} Here, the court determined the condition under R.C. 2151.414(B)(1)(a) applied when it determined by clear and convincing evidence that the child has not been in the temporary custody of one or more public children services agencies or private child placing agencies for 12 or more months of a consecutive 22-month period, and the child could not be placed with either parent within a reasonable time or should not be placed with either parent.

{¶9} R.C. 2151.414(E) instructs that the court "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent" if the court, upon considering all relevant evidence, "determines, by clear and convincing evidence" that one or more of the factors thereunder exist as to each of the child's parents, including the following relevant factors herein:

(1)    Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  * * *

(2)   Chronic mental illness * * * or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing.

* * *

(11)   The parent has had parental rights involuntarily terminated with respect to a sibling of the child pursuant to this section or section 2151.353 or 2151.415 of the Revised Code, or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to those sections, and the parent has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child.

* * *

(16)    Any other factor the court considers relevant.

{¶10} Here, the trial court determined the condition under R.C. 2151.414(E)(1) to exist and also made findings that "Mother has a chronic mental illness" and a "chemical dependency problem, and that she "had parental rights terminated involuntarily with respect to a sibling of the child."   The trial court also found several factors applied to the alleged father of the child. Contrary to Mother's argument that Mother had her parental rights involuntarily terminated with respect to a sibling of the child, that was not the entire basis for the trial court's determination. Rather, it was one of several factors considered by the trial court.   Further, there was competent, credible evidence in the record to support the trial court's findings.

{¶11} The record reflects that in December 2017, Mother had her parental rights involuntarily terminated with respect to the sibling of the child.   Among other findings in that

decision, which was filed herein, was that Mother suffered from a chronic mental illness and chemical dependency, and that she had failed to comply with services that were offered. In awarding emergency temporary custody of the child herein to CCDCFS, the court determined that Mother suffers from posttraumatic stress disorder. The social worker involved in this case testified that Mother had a history of depression, anxiety, and other things, and that she did not complete a mental health assessment until February 2018.

{¶12} The guardian ad litem for the child indicated in his report that the minor child was exposed to methadone and heroin while Mother was pregnant. The social worker testified that Mother "has a very long history of heroin addiction." Mother began but failed to complete multiple treatment programs. She had been discharged from Harbor Light for sporadic attendance, and she also had a positive drug test at Harbor Light. Further, she failed to cooperate with agency requests for drug screens, had yet to engage in mental health services, and had not completed parenting classes. Although Mother did engage in some case plan services and had appropriate visits with the child, she failed to substantially remedy her substance abuse problems and mental health issues. Our review of the record demonstrates that there is competent, credible evidence to support the trial court's finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.

{¶13} In determining the best interest of a child, R.C. 2151.414(D)(1) directs the trial court to consider "all relevant factors," including, but not limited to the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents, and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the

child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (5) whether any of the factors set forth in R.C. 2151.414(E)(7) to (11) apply. R.C. 2151.414(D)(1)(a)-(e). A juvenile court does not abuse its discretion if its decision regarding the children's best interest is supported by competent, credible evidence. *In re R.T.*, 2016-Ohio-8490, 79 N.E.3d 138, ¶ 57 (8th Dist.).

**{¶14}** In conducting a best-interest analysis under R.C. 2151.414(D), "[t]he court must consider all of the elements in R.C. 2151.414(D) as well as other relevant factors. There is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56.

**{¶15}** Here, the trial court's opinion demonstrates that it considered the relevant factors and found by clear and convincing evidence that an order of permanent custody is in the best interest of the child, notwithstanding the recommendation of the guardian ad litem that the child be placed in temporary custody. The trial court acted within its discretion in choosing not to follow the recommendation of the guardian ad litem. The trial court recognized that relevant services had been provided, but determined they were not successful because "Mother has a mental illness and has not complied with treatment, mother has not provided drug screens, mother has been inconsistent in visitation and has not completed the case plan." The trial court's determination that permanent custody is in the child's best interest is supported by competent, credible evidence in the record.

**{¶16}** In light of the above, we conclude that the trial court did not abuse its discretion in determining that permanent custody of the child should be awarded to CCDCFS. Appellant's second assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR

.